

# NUMBERS 13-11-00366-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**JUAN PEREZ,**                                                                 **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                     **Appellee.**

## On appeal from the 94th District Court
## of Nueces County, Texas.

## MEMORANDUM OPINION

### Before Justices Benavides, Vela, and Perkes
### Memorandum Opinion by Justice Perkes

Appellant, Juan Perez, appeals the judgment revoking his community supervision and sentencing him to eight years of confinement in the Texas Department of Criminal Justice, Institutional Division. In the underlying case, pursuant to a 2008 plea-bargain agreement, appellant pleaded guilty to family-violence assault, a third-degree felony, and was sentenced to ten years of confinement in the Texas Department of Criminal Justice,

Institutional Division.  *See* TEX. PENAL CODE ANN. § 22.01 (West 2011).  The trial court suspended the imposition of confinement and placed appellant on community supervision for a period of five years.

By two issues, appellant argues that the trial court's failure to *sua sponte* appoint an English-Spanish interpreter at the revocation hearing:  (1) rendered his plea at the revocation hearing unknowing and involuntary; and (2) violated his rights to due process and confrontation under the Sixth Amendment to the United States Constitution.  We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 2010, the State filed a motion to revoke appellant's community supervision on various grounds.  At the revocation hearing, appellant pleaded "true" to multiple violations of the terms of his community supervision.

When appellant originally pleaded guilty, he initialed and signed documents, including "Defendant's Statement Understanding Admonishments," wherein he confirmed that, "I understand and can read the English language" and Defendant's Waiver of Rights, a document which included a Waiver of Language Interpreter.  The Waiver of Language Interpreter stated, "I understand and speak the English language[.]" The Waiver of Language Interpreter informed appellant that he had the right to an interpreter if he did not fully speak or understand English, and included a waiver of the right to have an interpreter appointed which appellant executed.  When appellant was later admonished concerning the present revocation hearing, he initialed and signed identical statements.

2

At the outset of the revocation hearing, the trial court judge explained the revocation proceeding to appellant, and discussed appellant's immigration status with him in considerable detail.[1]   This conversation was in English and during the revocation hearing, appellant answered questions and testified in English.   His answers on direct- and cross-examination amounted to more than "yes" or "no" responses, and included logical and responsive narrative answers to the questions asked.   At the end of the revocation hearing, but before the trial court ruled, appellant was allowed to address the trial court at some length concerning how the revocation would cause a hardship on his family.   Appellant never requested an interpreter and no objection was made at any time to proceeding without an interpreter.

## II. ANALYSIS

Appellant argues that the trial court should have *sua sponte* appointed an interpreter because the trial court was aware that appellant was a Mexican citizen and that Spanish was his first language.   Under the facts presented, we disagree.

The Sixth Amendment to the United States Constitution guarantees an accused the right to be confronted with the witnesses against him.   U.S. CONST. amend. VI. "One of most basic of the rights guaranteed by the Confrontation Clause is the accused's right to be present in the courtroom [during] his trial."   *Illinois v. Allen*, 397 U.S. 337, 338 (1970).   The Confrontation Clause requires that an interpreter be provided when an accused does not understand the English language.   *Miller v. State*, 177 S.W.3d 1, 5–6 (Tex. App.—Houston [1st Dist.] 2004, no pet).   However, an accused waives his right to

---

[1] Appellant informed the trial court that he was deported after being placed on community supervision and that he re-entered the United States illegally.   The record shows that appellant understood that he was subject to deportation regardless of the outcome of the revocation hearing.

complain about the lack of an interpreter when he does not object or file a motion for an interpreter, unless the trial court is aware that the defendant needs an interpreter. *See Garcia v. State*, 149 S.W.3d 135, 143–45 (Tex. Crim. App. 2004); *Baltierra v. State*, 586 S.W.2d 553, 558 (Tex. Crim. App. 1979).

We review a trial court's decision on whether to appoint an interpreter for an abuse of discretion. *See Linton v. State*, 275 S.W.3d 493, 500 (Tex. Crim. App. 2009) (addressing adequacy of interpretive services provided for a deaf defendant); *Abdygapparova v. State*, 243 S.W.3d 191, 201 (Tex. App.—San Antonio 2007, pet. ref'd). The accused in a criminal proceeding has the right to have a language interpreter appointed on any party's motion or the court's own motion if it is determined that the accused does not understand and speak the English language. *See* Tex. Code Crim. Proc. art. 38.30 (West 2011); *see also Garcia v. State*, 149 S.W.3d 135, 140–41 & 145 (Tex. Crim. App. 2004) (discussing the constitutional right to an interpreter and the trial court's duty to appoint an interpreter *sua sponte* when the right to an interpreter has not been validly waived and the trial court becomes aware the accused requires an interpreter).

A reviewing court will not conclude that a trial court abused its discretion by not appointing an interpreter when the record shows the accused adequately understood English. *See Abdygapparova*, 243 S.W.3d at 201; *Vasquez v. State*, 819 S.W.2d 932, 937 (Tex. App.—Corpus Christi 1991, pet. ref'd). That an accused may be more fluent in another language does not make it incumbent upon a trial court to appoint an interpreter for an accused who speaks and understands English. *Abdygapparova*, 243 S.W.3d at

4

201; *see also Martins v. State*, 52 S.W.3d 459, 471–72 (Tex. App.—Corpus Christi 2001, no pet.) (concluding the fact that defendant may have been more fluent in Portuguese than Spanish did not require appointment of English-Portuguese interpreter).

The record shows appellant freely and knowingly waived his right to an interpreter. Appellant signed admonishments and specifically initialed the admonishment that he was waiving any right to an interpreter. The clerk's record contains trial counsel's certification that he explained the trial court's admonishments to appellant. When asked at the revocation hearing, appellant informed the trial court that he had read the admonishments with his attorney and that his attorney explained the admonishments to him. When the trial court asked appellant whether he understood the proceedings, appellant answered, "Yes, sir."

Neither the clerk's record, nor the reporter's record, shows that appellant ever expressed difficulty understanding English or requested an interpreter. The record also shows appellant spoke and understood the English language, and communicated adequately in English during the revocation hearing. There is no evidence in the record that appellant's waiver of the right to an interpreter was invalid or that he had any difficulty understanding the proceedings against him and participating in them. Under these circumstances, we cannot conclude the trial court abused its discretion by not *sua sponte* appointing an interpreter to assist appellant at the revocation hearing. *See Abdygapparova*, 243 S.W.3d at 203; *Vasquez*, 819 S.W.2d at 937–38. We overrule both of appellant's issues.

### III. CONCLUSION

We affirm the trial court's judgment.

_____
Gregory T. Perkes
Justice

Do not publish.    TEX. R. APP. P. 47.2(b).

Delivered and filed the
26th day of April, 2012.